

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 2, 2014

BY ELECTRONIC MAIL
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY...

3/5/14

Re: United States v. James Rosemond, et al., S6 10 Cr. 431 (CM)

Dear Judge McMahon:

The Government writes respectfully to request that the Court docket this letter and the two attachments thereto, which contain printed copies of e-mail correspondence between the Court and the parties. Attached as Exhibit A is correspondence related to Rosemond's proffer waiver from February 26, 2014, and attached as Exhibit B is correspondence related to the proposed jury instructions from February 27 and 28, 2014, *and February 28 response by Rosemond's Counsel (with attached as Exhibit C.*

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
    Santosh Aravind
    Nola B. Heller
    Samson Enzer
    Assistant United States Attorneys
    (212) 637-2200

cc: Trial counsel (by email)

EXHIBIT (A)

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Heller, Nola (USANYS) |
| **Sent:** | Wednesday, February 26, 2014 1:27 PM |
| **To:** | 'Jimmy_ONeill@nysd.uscourts.gov' |
| **Cc:** | Enzer, Samson (USANYS); Aravind, Santosh (USANYS); 'Maffeo, J. Bruce'; Donald Yannella |

Dear Judge McMahon,

The Government has reviewed the *Oluwanisola* case and makes this further submission at the Court's invitation.

In *United States v. Oluwanisola*, 605 F.3d 124, 131-32 (2d Cir. 2010), the Court ruled that the district court had erred in ruling that the government could use proffer statements to rebut (1) defense arguments that the government had failed to prove specific elements of the charged offenses, *see Id.* at 131-32, and (2) defense cross-examination that generally challenged the credibility of a witness *"without a factual assertion contradicting the facts admitted in the proffer statement,"* *Id.* at 133 (emphasis added). The Court reasoned that the district court's reading of the proffer agreement waiver provision "would leave the defendant, for all practical purposes, defenseless." *Id.* at 132.

In *Oluwanisola*, the Court held that generalized attacks on a witness's credibility, and general assertions that the elements of the charged offenses had not been met did not open the door to proffer statements. The Court explained, "[a] cross examination question that goes to the credibility of the government's witness, without a factual assertion contradicting the facts admitted in the proffer statement, is not sufficient to trigger the waiver provision here." *Id.* At 133. However, *Oluwanisola* itself, and Second Circuit precedent that follows, make clear that implied factual arguments made through cross-examination that contradict facts admitted during proffers *do* trigger the proffer waiver. In *Oluwanisola*, the Court held that, because the defendant had not "not directly or indirectly contradicted the facts he admitted in his proffer," the waiver provision had not been triggered. *Id. See also U.S.* v. *Roberts* 660 F.3d 149 (2d Cir. 2011).

This case is decidedly different than *Oluwanisola*, where defense counsel was erroneously prevented from pursuing certain lines of cross-examination that did not directly contradict factual assertions made by the defendant in his proffer sessions. Here, Mr. Maffeo argued through his questions that certain of the elements of the charged crimes have not been met – that is permissible under the law. *But* Mr. Maffeo went further by asking questions that implied the factual arguments that Rosemond did not participate in a murder conspiracy or order the murder of Lowell Fletcher. Mr. Maffeo has implied to the jury, through calculated and specific remarks in his opening statement and Inquiries 4 through 6, that any agreement to do violence to Lowell Fletcher was at best an agreement to commit a non-fatal shooting of Fletcher (and thus not an agreement to commit a murder-for-hire as charged), and that Rosemond never intended for Fletcher to be killed as a result. These implicit factual assertions directly contradict the factual assertions Rosemond proffered about -- that he knew Fletcher would be killed as a result of the plan Rosemond set in motion in September 2009. Mr. Maffeo called his questions a "foot fault," however we beg to differ. The questions clearly alerted the jury to Rosemond's arguments, which could lead it to acquit Rosemond on this charge if the jury is not permitted to hear Rosemond's contradictory proffer statements.

If the Court is not inclined to admit Rosemond's proffer statements, we ask that the Court instruct that McCleod's answers to Inquiries 4, 5, and 6 NOT be considered as against Mr. Rosemond only and that, as discussed, Rosemond be precluded from making the factual argument that Rosemond did not agree to participate in a conspiracy to murder Lowell Fletcher.

Nola B. Heller
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
P: 212-637-2631
F: 212-637-0084

2

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Niki Warin <nikiwarin@earthlink.net> |
| **Sent:** | Wednesday, February 26, 2014 2:24 PM |
| **To:** | jimmy_oneill@uscourts.gov |
| **Cc:** | Heller, Nola (USANYS); nynjcrimlawyer@gmail.com |
| **Subject:** | Fwd: US v. Rosemond |

Sent from my iPhone

Begin forwarded message:

> **From:** Niki Warin <nikiwarin@earthlink.net>
> **Date:** February 26, 2014 at 1:31:31 PM EST
> **To:** Bruce Maffeo <JBMaffeo@cozen.com>
> **Subject: US v. Rosemond**
>
> Dear Judge McMahon,
> Earlier this morning, the Court was considering if three sets of questions during McCleod's cross-examination triggered the introduction of one statement from Rosemond's proffer session on 12/11/11. As previously argued, defense counsel posed these questions based on McCleod's direct testimony and prior interviews that he was unaware that a murder was planned until moments before it was committed when he saw Johnson at the scene. Even then, McCleod stated he had no discussions with Johnson or any other alleged participants regarding what was going to happen, much less any discussion with Rosemond, who according to McCleod was in Miami at the time. Indeed, McCleod testified that after the homicide, he and Grant had a discussion in which they complained that they deserved more money than the original $30,000 assertedly promised by Rosemond for Fletcher's shooting. The government made no objection at the time these questions were raised.
>
>   As previously argued, Rosemond's counsel has conducted his defense focusing on authority within this Circuit that similarly constrained defendants are nonetheless able to argue credibility and "to reference certain elements of the crime and argue that the government would be unable to sustain its burden of proof as to those elements." U.S. v. Oluwanisola, 605 F.3d 124, 132 (2d Cir. 2010).
>
>   Under these circumstances, Rosemond vigorously maintains that he did nothing to trigger the introduction of the proffered statement. However, should the Court disagree, given the devastating consequences of its introduction both to Rosemond and his codefendant Johnson, Rosemond's counsel is prepared to avoid any references to Inquiries 4, 5 or 6 in his summation or any other reasonable restrictions suggested by the Court.
> J. Bruce Maffeo
>
>
> Sent from my iPhone

B

EXHIBIT B

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Jimmy_ONeill@nysd.uscourts.gov |
| **Sent:** | Thursday, February 27, 2014 5:32 PM |
| **To:** | Heller, Nola (USANYS) |
| **Cc:** | Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | Missive from Judge on Frampton |

Counsel:

I have read Frampton. It does not augur for the instruction sought by the defendants.

In Frampton the Second Circuit held that "consideration in the form of a [n unspecified] 'favor' is insufficient to support a conviction under Section 1958, at least in the absence of evidence suggesting that either party had an understanding as to the form that it would actually take." (382 F. 3d at 219). In Frampton, the purported consideration for the murder was literally the suggestion that, if the defendant ever needed a favor, one would be done for him. The nature of the favor was apparently never discussed. The evidence about the favor was so loosey-goosey that it was actually possible that the "favor" might not have met the statute's definition of "anything of pecuniary value" "...the primary significance" of which lay in its "economic advantage." The Circuit panel concluded that the Government had stretched the statutory text too far.

If our record were anything like the record in Frampton, the Rule 29 motion would have been granted as to the murder for hire counts. It was not, and for good reason. There is considerable evidence that Mr. Rosemond was offering a bounty, in the form of a large sum of money, to "bring in"
Lowell Fletcher. Certainly Brian McCleod discussed money with Derrick Grant
-- a very specific sum, $30,000. McCleod testified that he eventually wondered whether he might be paid with drugs rather than with cash, but sale-level quantities of drugs, like cash, have been held to constitute "anything of pecuniary value." There is every understanding of a mutual understanding tha t"something will be exchanged for committing the murder", and absolutely no suggestion in the record that the nature of the compensation would be anything but money or a quantity of drugs -- both of which meet the statutory definition of "anything of pecuniary value." In Frampton, by contrast, there was no evidence tending to show that the "favor" would in fact meet the statutory standard. If Rosemond did not decide whether to pay his co-conspirators in cash or drugs until after the murder -- or if he welched on his original promise and changed the promised payment from cash to drugs after the murder -- that is of no moment; either form of consideration meets the statutory test and there is no suggestion in Frampton that final agreement have been reached before the commission of the murder in order for the murder to qualify as a murder for hire (which is what defendants want me to charge). Indeed, the panel in Frampton stated flatly that it was enough that "either party" had "an understanding as to the form that [the payment] would actually take." There is certainly evidence that McCleod and Grant had an understanding of what the form of their payment would be -- whether it arrived in the form they anticipated or not has no bearing on that.

The defendants have their exception.

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Jimmy_ONeill@nysd.uscourts.gov |
| **Sent:** | Thursday, February 27, 2014 5:38 PM |
| **To:** | Heller, Nola (USANYS) |
| **Cc:** | Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | One More |

Counsel:

Do we not require a specific instruction that the jurors be unanimous as to what gun(s) a particular defendant used, carried or possessed? I don't see it anywhere.

Judge M

1

2

# Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Maffeo, J. Bruce <JBMaffeo@cozen.com> |
| **Sent:** | Thursday, February 27, 2014 5:39 PM |
| **To:** | Jimmy_ONeill@nysd.uscourts.gov |
| **Cc:** | Heller, Nola (USANYS); Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | Re: One More |

Yes in behalf of Rosemond.

Sent from my iPhone

> On Feb 27, 2014, at 5:37 PM, "Jimmy_ONeill@nysd.uscourts.gov" <Jimmy_ONeill@nysd.uscourts.gov> wrote:
>
> Counsel:
>
> Do we not require a specific instruction that the jurors be unanimous
> as to what gun(s) a particular defendant used, carried or possessed? I
> don't see it anywhere.
>
> Judge M
>

---

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

---

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Donald Yannella <nynjcrimlawyer@gmail.com> |
| **Sent:** | Thursday, February 27, 2014 5:50 PM |
| **To:** | Maffeo, J. Bruce |
| **Cc:** | Jimmy_ONeill@nysd.uscourts.gov; Heller, Nola (USANYS); Enzer, Samson (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | Re: One More |

Yes. Thank you. Donald YANNELLA

Sent from my iPhone

> On Feb 27, 2014, at 5:39 PM, "Maffeo, J. Bruce" <JBMaffeo@cozen.com> wrote:
>
> Yes in behalf of Rosemond.
>
> Sent from my iPhone
>
>> On Feb 27, 2014, at 5:37 PM, "Jimmy_ONeill@nysd.uscourts.gov" <Jimmy_ONeill@nysd.uscourts.gov> wrote:
>>
>> Counsel:
>>
>> Do we not require a specific instruction that the jurors be unanimous
>> as to what gun(s) a particular defendant used, carried or possessed?
>> I don't see it anywhere.
>>
>> Judge M
> _____
> Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.
> _____
> Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

4

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Enzer, Samson (USANYS) |
| **Sent:** | Thursday, February 27, 2014 7:46 PM |
| **To:** | Jimmy_ONeill@nysd.uscourts.gov; Maffeo, J. Bruce; Warin, E. Niki; Donald Yannella <nynjcrimlawyer@gmail.com> (nynjcrimlawyer@gmail.com) |
| **Cc:** | Aravind, Santosh (USANYS); Heller, Nola (USANYS) |
| **Subject:** | RE: One More |

Dear Judge McMahon and Mr. O'Neill:

In light of the Court's request below, the Government has researched the issue raised by the Court's request and discussed it with our Office's Appeals Unit, and upon this review, the Government opposes the requests by counsel for the defendants for a jury instruction directing that the jury make a unanimous finding as to the identity of any gun(s) used to convict on the firearms charges in our case.

Albeit in a non-binding summary order, the Second Circuit has stated that "we have never required that a jury make a unanimous finding as to the gun used to support a § 924(c) conviction." United States v. Lofton, 275 Fed. Appx. 30, 33 (2d Cir. Mar. 31, 2008) (Summary Order); accord United States v. Carter, No. 07-5756-cr, 2009 WL 765004, at *5 (2d Cir. Mar. 25, 2009) (Summary Order) (noting that this Circuit has not decided that the jury must be unanimous as to the specific firearm possessed for a § 924(c) violation; see also, e.g., United States v. Hernandez–Albino, 177 F.3d 33, 40 (1st Cir. 1999) ("the jury need not reach unanimous agreement on the identity of the weapon when the defendant is charged with violating § 924(c) due to carrying more than one firearm"); United States v. Perry, 560 F.3d 246, 257 (4th Cir. 2009) ("where the charge involves multiple firearms, jury unanimity with respect to the particular firearm used or possessed in furtherance of a drug trafficking offense is generally not required for a § 924(c) conviction"); United States v. Correa–Ventura, 6 F.3d 1070, 1087 (5th Cir.1993) (unanimity was not required when § 924(c) conviction could have been based on any one of ten weapons seized); United States v. Morin, 33 F.3d 1351, 1353–54 (11th Cir.1994) ("[T]o obtain a conviction under 18 U.S.C. § 924(c), the government needs to prove only that the defendant used one of the guns in relation to the drug trafficking" and "the jury is not required to reach a unanimous verdict as to which gun the defendant used."); United States v. Morin, 33 F.3d 1351, 1353-54 (11th Cir.1994) ("[T]o obtain a conviction under 18 U.S.C. § 924(c), the government needs to prove only that the defendant used one of the guns in relation to the drug trafficking" and "the jury is not required to reach a unanimous verdict as to which gun the defendant used.").

In light of these precedents, the Government respectfully requests that the Court deny the defense requests for such a unanimity instruction, which would unfairly raise the Government's burden of proof beyond what is required.

Respectfully submitted,

Santosh Aravind
Nola B. Heller
Samson A. Enzer
Assistant United States Attorneys
Office of the United States Attorney
Southern District of New York

-----Original Message-----
From: Jimmy_ONeill@nysd.uscourts.gov [mailto:Jimmy_ONeill@nysd.uscourts.gov]
Sent: Thursday, February 27, 2014 5:38 PM
To: Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS)

Subject: One More

Counsel:

Do we not require a specific instruction that the jurors be unanimous as to what gun(s) a particular defendant used, carried or possessed? I don't see it anywhere.

Judge M

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Jimmy_ONeill@nysd.uscourts.gov |
| **Sent:** | Thursday, February 27, 2014 5:34 PM |
| **To:** | Heller, Nola (USANYS) |
| **Cc:** | Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | Another Missive from Court |

Counsel:

This one just occurred to me.

In counts and 2, we define "murder" according to the New York Penal Law.

In count 4, we define "murder" according to the United States Code.

But we tell the jurors that they cannot consider Count 4 unless they convict on Count 2.

I find this confusing. Why are we using two different definitions of murder
-- especially in two counts that are dependent on each other?

Please advise.

Judge M.

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Maffeo, J. Bruce <JBMaffeo@cozen.com> |
| **Sent:** | Thursday, February 27, 2014 6:33 PM |
| **To:** | Jimmy_ONeill@nysd.uscourts.gov |
| **Cc:** | Heller, Nola (USANYS); Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS); Warin, E. Niki |
| **Subject:** | Re: Another Missive from Court |

Judge: we're researching it but don't know the answer off hand and will report back once we have one. I've copied Ms. Warin to include her in the loop.
Sent from my iPhone

> On Feb 27, 2014, at 5:34 PM, "Jimmy_ONeill@nysd.uscourts.gov" <Jimmy_ONeill@nysd.uscourts.gov> wrote:
>
> Counsel:
>
> This one just occurred to me.
>
> In counts and 2, we define "murder" according to the New York Penal Law.
>
> In count 4, we define "murder" according to the United States Code.
>
> But we tell the jurors that they cannot consider Count 4 unless they
> convict on Count 2.
>
> I find this confusing. Why are we using two different definitions of
> murder
> -- especially in two counts that are dependent on each other?
>
> Please advise.
>
> Judge M.
>

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Niki Warin <nikiwarin@earthlink.net> |
| **Sent:** | Thursday, February 27, 2014 7:38 PM |
| **To:** | jimmy_oneill@nysd.uscourts.gov |
| **Cc:** | Bruce Maffeo; Heller, Nola (USANYS); nynjcrimlawyer@gmail.com; Aravind, Santosh (USANYS) |
| **Subject:** | Murder definitions |

Judge McMahon -

As to the two different murder definitions, in Count Two, Section 1958 states that murder for hire must be done "with the intent that a murder be committed in violation of the laws of any State or the United States.◆    *See* Sands, Instr. 60-14. The NY murder statue defines the  same as the "knowing, purposeful, and unlawful killing of another person.◆    By contrast, the firearms offense under Section 924 in Count Four uses only the federal definition of murder, "unlawful killing of a human being with malice aforethought.◆    *See* Defense Request to Charge, at 14.   While on balance, the two definitions are largely the same, we agree that the different wording is possibly confusing. As the decision to elect either the state or federal murder definition  would appear to implicate issues with the indictment and how the offenses are charged, we will wait on the government's response as to why they elected to use the state murder definition for Count Two.

Sent from my iPhone

1

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Donald Yannella <nynjcrimlawyer@gmail.com> |
| **Sent:** | Thursday, February 27, 2014 8:50 PM |
| **To:** | Niki Warin |
| **Cc:** | Jimmy_oneill@nysd.uscourts.gov; Bruce Maffeo; Heller, Nola (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | Re: Murder definitions |

I join in Niki Warin's response.

Sent from my iPhone

On Feb 27, 2014, at 7:38 PM, Niki Warin <nikiwarin@earthlink.net> wrote:

> Judge McMahon -

> As to the two different murder definitions, in Count Two, Section 1958 states that murder for hire must be done "with the intent that a murder be committed in violation of the laws of any State or the United States.� *See* Sands, Instr. 60-14. The NY murder statue defines the same as the "knowing, purposeful, and unlawful killing of another person.� By contrast, the firearms offense under Section 924 in Count Four uses only the federal definition of murder, "unlawful killing of a human being with malice aforethought.� *See* Defense Request to Charge, at 14. While on balance, the two definitions are largely the same, we agree that the different wording is possibly confusing. As the decision to elect either the state or federal murder definition would appear to implicate issues with the indictment and how the offenses are charged, we will wait on the government's response as to why they elected to use the state murder definition for Count Two.

> Sent from my iPhone

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Enzer, Samson (USANYS) |
| **Sent:** | Thursday, February 27, 2014 6:34 PM |
| **To:** | Maffeo, J. Bruce; Jimmy_ONeill@nysd.uscourts.gov |
| **Cc:** | Heller, Nola (USANYS); Donald Yannella; Aravind, Santosh (USANYS); Warin, E. Niki |
| **Subject:** | RE: Another Missive from Court |

The Government is also looking into this and report back after we have done so.

-----Original Message-----
From: Maffeo, J. Bruce [mailto:JBMaffeo@cozen.com]
Sent: Thursday, February 27, 2014 6:33 PM
To: Jimmy_ONeill@nysd.uscourts.gov
Cc: Heller, Nola (USANYS); Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS); Warin, E. Niki
Subject: Re: Another Missive from Court

Judge: we're researching it but don't know the answer off hand and will report back once we have one. I've copied Ms. Warin to include her in the loop.
Sent from my iPhone

> On Feb 27, 2014, at 5:34 PM, "Jimmy_ONeill@nysd.uscourts.gov" <Jimmy_ONeill@nysd.uscourts.gov> wrote:
>
> Counsel:
>
> This one just occurred to me.
>
> In counts and 2, we define "murder" according to the New York Penal Law.
>
> In count 4, we define "murder" according to the United States Code.
>
> But we tell the jurors that they cannot consider Count 4 unless they
> convict on Count 2.
>
> I find this confusing. Why are we using two different definitions of
> murder
> -- especially in two counts that are dependent on each other?
>
> Please advise.
>
> Judge M.
>

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the

intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

12

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Heller, Nola (USANYS) |
| **Sent:** | Friday, February 28, 2014 10:13 AM |
| **To:** | 'Jimmy_ONeill@nysd.uscourts.gov'; Aravind, Santosh (USANYS); Enzer, Samson (USANYS); Maffeo, J. Bruce; Warin, E. Niki; 'Donald Yannella' |
| **Subject:** | RE: Another Missive from Court |

Dear Judge McMahon:

The Government respectfully requests that the charge remain as is. Counts One and Two involve payment to commit murder in violation of state law, not payment to commit murder in violation of federal law. The underlying murder we are dealing with in this case was a state crime. If the underlying murder was a federal murder, we could have just charged a federal murder on its own. The reference to murder in Section 1958 is not definitional, but rather links to a predicate offense, which is the NY state crime of murder.

Respectfully submitted,
Nola, Sam, and Santosh

Nola B. Heller
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
P: 212-637-2631
F: 212-637-0084


-----Original Message-----
From: Jimmy_ONeill@nysd.uscourts.gov [mailto:Jimmy_ONeill@nysd.uscourts.gov]
Sent: Thursday, February 27, 2014 5:34 PM
To: Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS)
Subject: Another Missive from Court

Counsel:

This one just occurred to me.

In counts and 2, we define "murder" according to the New York Penal Law.

In count 4, we define "murder" according to the United States Code.

But we tell the jurors that they cannot consider Count 4 unless they convict on Count 2.

I find this confusing. Why are we using two different definitions of murder
-- especially in two counts that are dependent on each other?

Please advise.

1

13

Judge M.

14

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Donald Yannella <nynjcrimlawyer@gmail.com> |
| **Sent:** | Friday, February 28, 2014 10:19 AM |
| **To:** | Enzer, Samson (USANYS) |
| **Cc:** | Jimmy_ONeill@nysd.uscourts.gov; Maffeo, J. Bruce; Warin, E. Niki; Aravind, Santosh (USANYS); Heller, Nola (USANYS) |
| **Subject:** | Re: One More |

Niki Warin, Bruce Maffeo and I are working on a submission on this topic which we intend to submit jointly no later than 1 PM.

I expect that the submission will also request that a mere presence charge (Instruction 6-3 In Modern Federal Jury Instructions) be included for counts 1 and 2.

Also, we will ask for a special interrogatory on the 924 counts where it is charged under the aiding and abetting theory. In the Frampton case (page 24), the Second Circuit notes that the District Court used a verdict form with special interrogatories for the 924(c) count, distinguishing between liability as a principal or aiding and abetting. (Rather than calling for a "general verdict," wherein the jury was only required to pronounce its determination as to the ultimate fact of guilt or innocence, the verdict form utilized by the district court in connection
with Count 5 specifically required the jury to indicate the precise theory upon which its conviction of Johnson rested. Cf. id. at 48, 112 S.Ct. 466 (noting the trial court's denial of the defendant's request for special interrogatories to the
jury). In other words, the jury was asked whether it found Johnson guilty of a violation of § 924(c) as either a principal or an aider and abettor.)

Donald Yannella

Donald Yannella PC
Attorney at Law
233 Broadway, Suite 2370
New York, NY 10279
(212) 226-2883
Fax: (646) 430-8379

On Thu, Feb 27, 2014 at 7:46 PM, Enzer, Samson (USANYS) <Samson.Enzer@usdoj.gov> wrote:
Dear Judge McMahon and Mr. O'Neill:

In light of the Court's request below, the Government has researched the issue raised by the Court's request and discussed it with our Office's Appeals Unit, and upon this review, the Government opposes the requests by counsel for the defendants for a jury instruction directing that the jury make a unanimous finding as to the identity of any gun(s) used to convict on the firearms charges in our case.

Albeit in a non-binding summary order, the Second Circuit has stated that "we have never required that a jury make a unanimous finding as to the gun used to support a § 924(c) conviction." United States v. Lofton, 275 Fed. Appx. 30, 33 (2d Cir. Mar. 31, 2008) (Summary Order); accord United States v. Carter, No. 07-5756-cr,

2009 WL 765004, at *5 (2d Cir. Mar. 25, 2009) (Summary Order) (noting that this Circuit has not decided that the jury must be unanimous as to the specific firearm possessed for a § 924(c) violation); see also, e.g., United States v. Hernandez-Albino, 177 F.3d 33, 40 (1st Cir. 1999) ("the jury need not reach unanimous agreement on the identity of the weapon when the defendant is charged with violating § 924(c) due to carrying more than one firearm"); United States v. Perry, 560 F.3d 246, 257 (4th Cir. 2009) ("where the charge involves multiple firearms, jury unanimity with respect to the particular firearm used or possessed in furtherance of a drug trafficking offense is generally not required for a § 924(c) conviction"); United States v. Correa-Ventura, 6 F.3d 1070, 1087 (5th Cir.1993) (unanimity was not required when § 924(c) conviction could have been based on any one of ten weapons seized); United States v. Morin, 33 F.3d 1351, 1353-54 (11th Cir.1994) ("[T]o obtain a conviction under 18 U.S.C. § 924(c), the government needs to prove only that the defendant used one of the guns in relation to the drug trafficking" and "the jury is not required to reach a unanimous verdict as to which gun the defendant used."); United States v. Morin, 33 F.3d 1351, 1353-54 (11th Cir.1994) ("[T]o obtain a conviction under 18 U.S.C. § 924(c), the government needs to prove only that the defendant used one of the guns in relation to the drug trafficking" and "the jury is not required to reach a unanimous verdict as to which gun the defendant used.").

In light of these precedents, the Government respectfully requests that the Court deny the defense requests for such a unanimity instruction, which would unfairly raise the Government's burden of proof beyond what is required.

Respectfully submitted,

Santosh Aravind
Nola B. Heller
Samson A. Enzer
Assistant United States Attorneys
Office of the United States Attorney
Southern District of New York

-----Original Message-----
From: Jimmy_ONeill@nysd.uscourts.gov [mailto:Jimmy_ONeill@nysd.uscourts.gov]
Sent: Thursday, February 27, 2014 5:38 PM
To: Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS)
Subject: One More

Counsel:

Do we not require a specific instruction that the jurors be unanimous as to what gun(s) a particular defendant used, carried or possessed? I don't see it anywhere.

Judge M

16

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Heller, Nola (USANYS) |
| **Sent:** | Friday, February 28, 2014 10:29 AM |
| **To:** | 'Donald Yannella'; Enzer, Samson (USANYS) |
| **Cc:** | Jimmy_ONeill@nysd.uscourts.gov; Maffeo, J. Bruce; Warin, E. Niki; Aravind, Santosh (USANYS) |
| **Subject:** | RE: One More |

Jimmy and counsel:

Two more small items:

- We join in Rosemond's counsel's request from yesterday that a full instruction on membership in the conspiracy be added, including the language that each defendant is responsible for the actions of each of his co-conspirators (we are assuming the Court will insert its standard membership charge); and
- We hesitate to mention it, but has the Court seen the weather forecast for Monday? We will of course be prepared to go forward, but we just wanted to raise it, since what I heard this morning did not sound good.

Best,
Nola, Sam, and Santosh

Nola B. Heller
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
P: 212-637-2631
F: 212-637-0084

**From:** Donald Yannella [mailto:nynjcrimlawyer@gmail.com]
**Sent:** Friday, February 28, 2014 10:19 AM
**To:** Enzer, Samson (USANYS)
**Cc:** Jimmy_ONeill@nysd.uscourts.gov; Maffeo, J. Bruce; Warin, E. Niki; Aravind, Santosh (USANYS); Heller, Nola (USANYS)
**Subject:** Re: One More

Niki Warin, Bruce Maffeo and I are working on a submission on this topic which we intend to submit jointly no later than 1 PM.

I expect that the submission will also request that a mere presence charge (Instruction 6-3 In Modern Federal Jury Instructions) be included for counts 1 and 2.

Also, we will ask for a special interrogatory on the 924 counts where it is charged under the aiding and abetting theory.  In the Frampton case (page 24), the Second Circuit notes that the District Court used a verdict form with special interrogatories for the 924(c) count, distinguishing between liability as a principal or aiding and abetting.  (Rather than calling for a "general verdict," wherein the jury was only required to pronounce its determination as to the ultimate fact of guilt or innocence, the verdict form utilized by the district court in connection

1

17

with Count 5 specifically required the jury to indicate the precise theory upon which its conviction of Johnson rested. Cf. id. at 48, 112 S.Ct. 466 (noting the trial court's denial of the defendant's request for special interrogatories to the
jury). In other words, the jury was asked whether it found Johnson guilty of a violation of § 924(c) as either a principal or an aider and abettor.)

Donald Yannella


Donald Yannella PC
Attorney at Law
233 Broadway, Suite 2370
New York, NY 10279
(212) 226-2883
Fax: (646) 430-8379


On Thu, Feb 27, 2014 at 7:46 PM, Enzer, Samson (USANYS) <Samson.Enzer@usdoj.gov> wrote:
Dear Judge McMahon and Mr. O'Neill:

In light of the Court's request below, the Government has researched the issue raised by the Court's request and discussed it with our Office's Appeals Unit, and upon this review, the Government opposes the requests by counsel for the defendants for a jury instruction directing that the jury make a unanimous finding as to the identity of any gun(s) used to convict on the firearms charges in our case.

Albeit in a non-binding summary order, the Second Circuit has stated that "we have never required that a jury make a unanimous finding as to the gun used to support a § 924(c) conviction." United States v. Lofton, 275 Fed. Appx. 30, 33 (2d Cir. Mar. 31, 2008) (Summary Order); accord United States v. Carter, No. 07-5756-cr, 2009 WL 765004, at *5 (2d Cir. Mar. 25, 2009) (Summary Order) (noting that this Circuit has not decided that the jury must be unanimous as to the specific firearm possessed for a § 924(c) violation); see also, e.g., United States v. Hernandez-Albino, 177 F.3d 33, 40 (1st Cir. 1999) ("the jury need not reach unanimous agreement on the identity of the weapon when the defendant is charged with violating § 924(c) due to carrying more than one firearm"); United States v. Perry, 560 F.3d 246, 257 (4th Cir. 2009) ("where the charge involves multiple firearms, jury unanimity with respect to the particular firearm used or possessed in furtherance of a drug trafficking offense is generally not required for a § 924(c) conviction"); United States v. Correa-Ventura, 6 F.3d 1070, 1087 (5th Cir.1993) (unanimity was not required when § 924(c) conviction could have been based on any one of ten weapons seized); United States v. Morin, 33 F.3d 1351, 1353-54 (11th Cir.1994) ("[T]o obtain a conviction under 18 U.S.C. § 924(c), the government needs to prove only that the defendant used one of the guns in relation to the drug trafficking" and "the jury is not required to reach a unanimous verdict as to which gun the defendant used."); United States v. Morin, 33 F.3d 1351, 1353-54 (11th Cir.1994) ("[T]o obtain a conviction under 18 U.S.C. § 924(c), the government needs to prove only that the defendant used one of the guns in relation to the drug trafficking" and "the jury is not required to reach a unanimous verdict as to which gun the defendant used.").

In light of these precedents, the Government respectfully requests that the Court deny the defense requests for such a unanimity instruction, which would unfairly raise the Government's burden of proof beyond what is required.

Respectfully submitted,


Santosh Aravind

19

Nola B. Heller
Samson A. Enzer
Assistant United States Attorneys
Office of the United States Attorney
Southern District of New York

-----Original Message-----
From: Jimmy_ONeill@nysd.uscourts.gov [mailto:Jimmy_ONeill@nysd.uscourts.gov]
Sent: Thursday, February 27, 2014 5:38 PM
To: Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS)
Subject: One More

Counsel:

Do we not require a specific instruction that the jurors be unanimous as to what gun(s) a particular defendant used, carried or possessed? I don't see it anywhere.

Judge M

3

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Heller, Nola (USANYS) |
| **Sent:** | Friday, February 28, 2014 12:26 PM |
| **To:** | 'Jimmy_ONeill@nysd.uscourts.gov' |
| **Cc:** | Maffeo, J. Bruce; Warin, E. Niki; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | RE: Another Missive from Court |

Although it would definitely be easier to do it that way, we cannot, because of the specific terms of 18 USC 924(j):

"A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall (1) if the killing is a murder (as defined in section 1111) be punished by death or by imprisonment for any terms of years or for life."

Count 2 is predicated on the violation of the NY state crime of murder. If they find either of the defendants guilty on count 2, then they can consider whether that defendant committed the federal firearms offense, which uses the federal definition of murder.

Nola B. Heller
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
P: 212-637-2631
F: 212-637-0084


-----Original Message-----
From: Jimmy_ONeill@nysd.uscourts.gov [mailto:Jimmy_ONeill@nysd.uscourts.gov]
Sent: Friday, February 28, 2014 11:57 AM
To: Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Warin, E. Niki; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS)
Subject: RE: Another Missive from Court

Hi Nola, The judge is very much aware that the underlying murder we are dealing with in this case was a state crime. The question is: Why do we give the jurors a definition of federal murder in Count Four? Should it not be a definition derived from state law? After all, the predicate for the juror's consideration of Count Four is a finding of guilt on Count 2--
Murder-for Hire, applying New York State law.  Jimmy

   Count Four: Murder Using a Firearm
   Definition of Murder under Section 1111


When you are deliberating on Count Four, you should apply the

following definition of murder, which comes from Section 1111 of Title 18

of the United States Code: "Murder is the unlawful killing of a human

being, with malice aforethought.  Every murder perpetrated by poison, lying

in wait, or any other kind of willful, deliberate, malicious, and

premeditated killing; or committed in the perpetration of, or attempt to

perpetrate, [certain crimes including] murder . . . [qualifies as murder]."


"Heller, Nola
(USANYS)"
<Nola.Heller@usdo                    To
j.gov>          "Jimmy_ONeill@nysd.uscourts.gov"
                <Jimmy_ONeill@nysd.uscourts.gov>,
02/28/2014 10:13       "Aravind, Santosh (USANYS)"
AM                <Santosh.Aravind@usdoj.gov>,
                "Enzer, Samson (USANYS)"
                <Samson.Enzer@usdoj.gov>, "Maffeo,
                J. Bruce" <JBMaffeo@cozen.com>,
                "Warin, E. Niki"
                <NWarin@cozen.com>, Donald Yannella
                <nynjcrimlawyer@gmail.com>
                            cc

                    Subject
        RE: Another Missive from Court


Dear Judge McMahon:

2

21

The Government respectfully requests that the charge remain as is. Counts One and Two involve payment to commit murder in violation of state law, not payment to commit murder in violation of federal law. The underlying murder we are dealing with in this case was a state crime. If the underlying murder was a federal murder, we could have just charged a federal murder on its own. The reference to murder in Section 1958 is not definitional, but rather links to a predicate offense, which is the NY state crime of murder.

Respectfully submitted,
Nola, Sam, and Santosh

Nola B. Heller
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
P: 212-637-2631
F: 212-637-0084


-----Original Message-----
From: Jimmy_ONeill@nysd.uscourts.gov [mailto:Jimmy_ONeill@nysd.uscourts.gov
]
Sent: Thursday, February 27, 2014 5:34 PM
To: Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS)
Subject: Another Missive from Court

Counsel:

This one just occurred to me.

In counts and 2, we define "murder" according to the New York Penal Law.

In count 4, we define "murder" according to the United States Code.

But we tell the jurors that they cannot consider Count 4 unless they convict on Count 2.

I find this confusing. Why are we using two different definitions of murder
-- especially in two counts that are dependent on each other?

Please advise.

Judge M.

3

22

**Heller, Nola (USANYS)**

| | |
|---|---|
| **From:** | Donald Yannella <nynjcrimlawyer@gmail.com> |
| **Sent:** | Friday, February 28, 2014 1:06 PM |
| **To:** | Warin, E. Niki |
| **Cc:** | Jimmy_ONeill@nysd.uscourts.gov; Heller, Nola (USANYS); Aravind, Santosh (USANYS); Enzer, Samson (USANYS); Maffeo, J. Bruce |
| **Subject:** | Re: Request for further instruction on firearms offenses |

Hon. Colleen McMahon:

Just to be clear, both Rosemond and Johnson also request a special interrogatory on the 924(c) and 924 (j) counts, all of which are charged alternatively under principal and aiding and abetting liability, pursuant to 18 USC Section 2. A special interrogatory was used under similar circumstances in US v. Frampton, 382 F.3d 213, 222 (2d Cir. 2004).

Additionally, defendant Johnson also requests a mere presence charge for counts 1 and 2.

IMPERMISSIBLE TO INFER PARTICIPATION FROM MERE PRESENCE
You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.
Instruction 6-3 In Modern Federal Jury Instructions.


Donald Yannella PC
Attorney at Law
233 Broadway, Suite 2370
New York, NY 10279
(212) 226-2883
Fax: (646) 430-8379


On Fri, Feb 28, 2014 at 12:49 PM, Warin, E. Niki <NWarin@cozen.com> wrote:

Judge McMahon and Mr. O'Neill:

Defense counsel for both Rosemond and Johnson submit the following in response to the government's email of February 27th, 2014 opposing additional instructions regarding unanimity on the 924(c) offenses:

The government's citations to summary orders which state that the Second Circuit has "never required that a jury make a unanimous finding as to the gun used to support a 924 (c) conviction," *United States v. Lofton*, 275 Fed. Appx. 30, 32 (2d Cir. 2008), fail to acknowledge the complete legal standard and belie the complexity of the factual record currently before the Court  The complete legal standard in the Second Circuit, as cited in *Lofton*, is as follows: "a jury must reach a unanimous verdict as to the factual basis for a conviction," and "a general instruction on unanimity is sufficient to insure that such a unanimous verdict is reached . . . *except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion.*" *United States v. Schiff*, 801 F.2d 108, 115 (2d Cir. 1986)(emphasis added); *accord United States v. Beros*, 833 F.2d 455, 460 (3d Cir. 1987)("in the routine case, a general unanimity instruction will ensure that a

1

25

jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability . . . [t]his rule is inapplicable, however, where the complexity of the case or other factors, creates the potential that the jury will be confused."); *United States v. Payseno,* 782 F.2d 832 (9th Cir. 1986)(special instruction needed where separate acts of extortion carried out by various individuals, acts directed at different victims at different times and locations). We also note that much of the precedent is based upon plain error review, where trial counsel had not requested a specific charge to avoid confusion. *E.g. United States v. Peterson,* 768 F.2d 64, 67 ("trial counsel raised no objection to this portion of the charge"); *Besos,* 833 F.2d at 462 (citing Second Circuit and other precedent under plain error standard); *see also United States v. Edmonds,* 52 F.3d 1236, 1242-43 (3d Cir. 1995)(reversing a conviction where judge refused to charge a jury, as requested by defense counsel, on required unanimity for the particular drug violations constituting "continued series of violations"); *United States v. Ryan,* 828 F.2d 1010, 1020 (3d Cir. 1987) (noting that "in any case where a count will be submitted to the jury on alternative theories, prudence counsels the trial court to give an augmented unanimity instruction if the defendant requests such a charge").

In *Lofton,* a single defendant charged with multiple Hobbs Act and 924(c) violations, jury confusion was unlikely. *Lofton,* 275 Fed. Appx. at 32 ( the defendant "ha[d] not demonstrated that he was entitled to such an instruction," citing *Schiff*). Here, by contrast, the government opted to proceed to trial with two defendants charged with entirely disparate predicate crimes for the 924(c) offenses: both defendants are charged with using firearms in furtherance of a crime of violence (Counts Three and Four), and Johnson alone for using firearms in connection with a cocaine trafficking conspiracy (Count Six). The government presented evidence regarding at least seven different firearms, three of which are only charged against Johnson for use in furtherance of the narcotics conspiracy (the Mac 11 found in the Bayside house; the .40 found in Johnson's car; and the firearm that was never recovered but allegedly seen by Bryan James in the Bayside house), however, one of the firearms charged only against Johnson (the new Mac 11 found in the Bayside house) is identical to one of the firearms charged against both as relates to the murder for hire conspiracy (the malfunctioning Mac 11). Moreover, while Rosemond is not charged with the predicate narcotics trafficking, he has been referred to as the head of the narcotics trafficking conspiracy by several witnesses.

Under these circumstances, there is a high likelihood of jury confusion over what evidence can properly support a particular charge. For example, for Rosemond, none of the jurors may rely upon the "new" Mac 11 found in Bayside to sustain a guilty verdict against Rosemond for Count Three, although there was testimony that a Mac 11 was in the "stash house" for the narcotics conspiracy, and that Johnson worked for Rosemond in the narcotics conspiracy, and that Rosemond had allegedly used the same kind of gun in a shooting. Indeed, the references to Rosemond as the head of the narcotics conspiracy create a significant risk that testimony regarding firearms used in furtherance of that conspiracy, will be wrongly attributed to Rosemond, particularly as the government has also proposed an aiding-and-abetting theory of liability for the 924(c) violations. For Johnson, none of the jurors may rely upon a firearm that the government has identified as used in furtherance of the narcotics conspiracy, to support a guilty verdict for a firearms offense in furtherance of a crime of violence, although no such distinction was made during the trial between the various firearms and the co-conspirators for both predicate crimes overlap. Also, according to testimony by Mohammed Stewart, he brought a firearm to a location where Rodney Johnson allegedly was trying to confront an individual who had "robbed" Johnson of narcotics or narcotics proceeds. According to the government, that firearm is not a subject of Count Six, the 924(c) violation in furtherance of the narcotics conspiracy charged in Count Five. Complicating the record even further, the government presented evidence regarding prior bad acts that involved shootings by unspecified weapons: although the jury will be instructed on the proper use of such evidence, given the plethora of evidence of firearms, there is a high risk that these "shootings" will improperly substituted as proof on the 924(c) charges either for possession of the same or that one was "discharged."

The co-mingling of the evidence regarding the two predicate crimes for the 924(c) offenses, the disparate charges between the two co-defendants, the large number of firearms referenced in the testimony and the even larger number of shootings, combined render this case the exception where additional jury instructions

are required to ensure a fair and proper verdict is reached. *See e.g. United States v. Carter*, 2009 U.S. App. LEXIS 6184 (2d Cir. Mar. 25, 2009)(noting unanimity instruction on firearms given by trial judge). Defense counsel for Rosemond and Johnson submit that a heightened instruction on the requirement of jury unanimity as to the various firearms is necessary to avoid confusion and to protect their rights to due process.

We propose the following jury instructions be given with regard to Counts Three and Four:

"The government has presented evidence regarding a number of different firearms in this case and has charged three different crimes related to these firearms. I instruct you that in order to find the defendant you are considering guilty of Count Three, you must unanimously agree on which firearm or firearms the government has proven beyond a reasonable doubt that the defendant used, possessed, or carried in connection with the murder-for-hire conspiracy charged in Count One.

Similarly, I instruct you that in order to find the defendant you are considering guilty of Count Four, you must unanimously agree on which firearm or firearms the government has proven beyond a reasonable doubt that the defendant you are considering used, possessed, or carried in connection with the substantive murder charged in Count Two."

For Count Six, we propose the following instruction:

"The government has presented evidence regarding a number of different firearms in this case. I instruct you that in order to find Johnson guilty of Count Six, you must unanimously agree on which firearm or firearms the government has proven beyond a reasonable doubt that Johnson used, possessed, or carried in connection with the narcotics conspiracy charged in Count Five."

Respectfully submitted,

 **E. Niki Warin**
**Of Counsel | Cozen O'Connor**
45 Broadway Atrium, Suite 1600 | New York, NY 10006
P: 212-883-4969 F: 917-521-5863
Email | Bio | Map | cozen.com

*Notice:* To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

*Notice:* This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in

3

2S

error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

4

26

## Heller, Nola (USANYS)

| | |
|---|---|
| **From:** | Jimmy_ONeill@nysd.uscourts.gov |
| **Sent:** | Friday, February 28, 2014 2:21 PM |
| **To:** | Heller, Nola (USANYS) |
| **Cc:** | Maffeo, J. Bruce; Warin, E. Niki; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS) |
| **Subject:** | Rulings by Court |

After reviewing all of your email submissions, Judge McMahon rules as follows:

Mere presence is charged as to both Counts 1 and 2 -- Count 1 it appears in the newly-inserted definition of membership, Count 2 in aiding and abetting. The elements of Murder for Hire as charged in Count 2 are such that presence is simply not an issue. Either Mr. Johnson (who, according to the testimony, was present) participated in the murder or he did not.

There will be no special interrogatory. The Second Circuit did no more than note that Judge Scullin had used a special interrogatory. It did not endorse that procedure or indicate that it was necessary in 924(c) cases. I told you yesterday, I have a strong preference for general verdicts. I see no basis to depart from that preference in this case.

Finally, the Government appears to be correct that the jury is not required to be unanimous about which gun was possessed -- the only issue on which they need to be unanimous is that the defendant possessed SOME firearm in furtherance. Therefore, I will not give the charges suggested by Ms. Warin, and there is no need for a special verdict form.

The defense has its exceptions --

You will have a copy of the revised charge shortly.

27



**Warin, E. Niki**

| | |
|---|---|
| **From:** | Warin, E. Niki |
| **Sent:** | Friday, February 28, 2014 5:11 PM |
| **To:** | 'Enzer, Samson (USANYS)'; Jimmy_ONeill@nysd.uscourts.gov; Heller, Nola (USANYS) |
| **Cc:** | Maffeo, J. Bruce; Donald Yannella; Aravind, Santosh (USANYS) |
| **Subject:** | RE: The Charge |

We agree that amendments listed on page 34 might be confusing for jury.  As a proposed remedy, we suggest that the Court simply reiterate the three elements as previously set forth over pages 27-29, instead of the government's suggested version. Specifically, with the proposed changes to the government's version in CAPITALS and keeping the remainder, we would propose as follows:

" The object of the conspiracy charged in Count One was to violate the federal law that prohibits murder-for-hire. To prove that a conspiracy existed with the object of committing murder- for-hire, the Government must prove beyond a reasonable doubt the following elements:

First, that the defendant you are considering or any of his coconspirators either used or caused someone else to use a facility of interstate or foreign commerce WITH THE INTENT THAT A          MURDER-FOR-HIRE TAKE PLACE.;

Second, that the USE OF A FACILITY OF INTERSTATE OR FOREIGN COMMERCE, whether undertaken by the defendant you are considering or one of his co-conspirators, was done with the  intent that A MURDER BE COMMITTED;

Third, that the MURDER WAS INTENDED TO BE COMMITTED AS CONSIDERATION FOR THE RECEIPT OF ANYTHING OF VALUE. "

We also alert the Court to the following minor typos on the off-chance they have not already been remedied:
- p. 8, last line, should be "have" not "has"
- p. 27, several typos with "facility OF interstate OR foreign commerce" in paragraphs 1 and 3;
- p. 27, paragraph 5, line 3, should be "facilitate" not "facility"

E. Niki Warin
Of Counsel | Cozen O'Connor
45 Broadway Atrium, Suite 1600 | New York, NY 10006
P: 212-883-4969 F: 917-521-5863

-----Original Message-----
From: Enzer, Samson (USANYS) [mailto:Samson.Enzer@usdoj.gov]
Sent: Friday, February 28, 2014 4:50 PM
To: Jimmy_ONeill@nysd.uscourts.gov; Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Warin, E. Niki; Donald Yannella; Aravind, Santosh (USANYS)
Subject: RE: The Charge

Dear Judge McMahon and Mr. O'Neill:

The Government has reviewed the charge, and writes to respectfully request that the instructions set out on page 34 of the charge (concerning the object of the murder-for-hire conspiracy charged in Count One) be replaced with the language proposed below.  The instructions on page 34, in describing the object of the conspiracy charged, tell the jurors to apply instructions set out earlier in the charge but with certain amendments.  The Government believes the

1

reference-back with some amendments may be confusing for the jury, and that it would be easier for the jurors to follow the proposed instructions below.

PROPOSED REPLACEMENT

Count One: Murder-for-Hire Conspiracy
First Element: (Object) of Conspiracy

A conspiracy has to have an "object" - that is, an illegal purpose that the co-conspirators hope to accomplish.   The object of the conspiracy charged in Count One was to violate the federal law that prohibits murder-for-hire.

To prove that a conspiracy existed with the object of committing murder-for-hire, the Government must prove beyond a reasonable doubt the following elements:

First, that the defendant you are considering or any of his coconspirators either used or caused someone else to use a facility of interstate or foreign commerce;

Second, that the interstate conduct, whether undertaken by the defendant you are considering or one of his co-conspirators, was done with the intent to help bring about the murder of another person; and

Third, that the defendant you are considering or one of his co-conspirators agreed to pay money or anything else of value to have this murder carried out.

The defendant whose case you are considering need not be the recipient of the payment to be a member of a conspiracy to commit murder-for-hire.  And you may find defendants guilty of the crime of conspiring to commit a murder-for-hire even if no murder-for-hire was actually committed.  Conspiracy is a crime, even if the conspiracy is not successful.

-----Original Message-----
From: Jimmy_ONeill@nysd.uscourts.gov [mailto:Jimmy_ONeill@nysd.uscourts.gov]
Sent: Friday, February 28, 2014 3:02 PM
To: Heller, Nola (USANYS)
Cc: Maffeo, J. Bruce; Warin, E. Niki; Donald Yannella; Enzer, Samson (USANYS); Aravind, Santosh (USANYS)
Subject: The Charge

Here it is: (See attached file: Rosemond&JohnsonCharge.pdf) I'll be monitoring the impending storm with the Judge.  I have your emails and will let you know if the judge decides to delay the trial because of weather.
Have a good weekend. Jimmy