I3DTROSC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                10 CR 431 (LAK)

JAMES J. ROSEMOND,

            Defendant.

------------------------------x

                                        New York, N.Y.
                                        March 13, 2018
                                        2:50 p.m.

Before:

                    HON. LEWIS A. KAPLAN,

                                  District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
    Interim United States Attorney for the
    Southern District of New York
DREW SKINNER
ELIZABETH HANFT
    Assistant United States Attorneys

PELUSO & TOUGER
    Attorneys for Defendant
DAVID TOUGER

JAMES NEUMAN
    Attorney for Defendant

ALSO PRESENT:  J. BRUCE MAFFEO

1           (In open court, case called)
2           MR. SKINNER:  Good afternoon, Judge, Drew Skinner and
3   Elizabeth Hanft for the government.
4           MR. TOUGER:  Good afternoon, your Honor, David Touger
5   for Mr. Rosemond.
6           THE COURT:  Good afternoon.  I have a letter from
7   Mr. Touger dated March 7 asking to be relieved on the ground of
8   irreconcilable differences with the client, and a letter dated
9   February 28 from Mr. Rosemond saying that he has relieved
10  Mr. Touger due to irreconcilable differences, et cetera.
11          Mr. Touger, you're still counsel of record, as you
12  well know.  If it is still a wish of both Mr. Rosemond and
13  Mr. Touger for Mr. Touger to be relieved, Mr. Touger, you're
14  relieved.  Do you both wish that?
15          MR. TOUGER:  Your Honor, I have to say I've been
16  practicing law for 33 years, this is only the second time in my
17  33 years of practicing law this is happened, but yes, we have
18  irreconcilable differences.
19          THE COURT:  Mr. Rosemond?
20          THE DEFENDANT:  Yes.
21          THE COURT:  All right.  You're relieved, Mr. Touger.
22          MR. TOUGER:  Thank you, your Honor.
23          THE COURT:  Now Mr. Rosemond claims that he doesn't
24  have financial means to hire another attorney for sentencing,
25  so he wants CJA counsel.

1          Mr. Rosemond, you'll have to submit a financial
2  affidavit establishing your financial eligibility.
3          Do you have the form, Andy?
4          DEPUTY CLERK:  I will pull it out, Judge.
5          THE COURT:  You don't have to do it right now.
6          Mr. Neuman, step forward.
7          Mr. Neuman, I'm going to appoint you, unless there's
8  some good reason why I shouldn't, to advise Mr. Rosemond with
9  respect to the filing or non-filing of a financial affidavit
10 and application.  And assuming that he files such an affidavit
11 and that I determine that he's eligible, you will thereafter,
12 if you accept, which I assume you will do absent good reason to
13 the contrary, appointment as his counsel for sentencing and
14 through judgment in this case.
15         Any reason why I shouldn't do that?
16         MR. NEUMAN:  That's fine with me, your Honor.  I
17 believe Mr. Rosemond's prior counsel is in the courtroom, and
18 there has been some discussion about whether he would come in.
19         THE COURT:  Well, Mr. Rosemond so requested, but
20 that's not the way the system works.  And I do have
21 considerable respect for Mr. Moffeo, I'm just not in the habit
22 of allowing indigent defendants to pick from the CJA list which
23 lawyer they would like to have, and I'm not going to do it
24 here.  You're next up, you're it.
25         MR. NEUMAN:  That's fine, Judge.

1   THE COURT:  Mr. Moffeo, no disrespect intended, I have
2 nothing but the highest regard for you, but that's my view.
3   MR. MOFFEO:  None taken, and I appreciate the Court's
4 kind words.
5   THE COURT:  All right.  Lastly, the defendant has
6 asked me to adjourn sentencing for six months to allow incoming
7 counsel to read the transcript and file a Rule 33 motion.
8   Andy, how long was the trial, how many days?
9   DEPUTY CLERK:  I don't remember.
10   THE COURT:  Mr. Skinner?
11   MR. SKINNER:  The trial lasted over three weeks.  We
12 probably sat ten trials days in that time.
13   THE COURT:  Do you have any memory of what the
14 pagination was at the end of the transcript?  I'm guessing
15 about 2,000 or so.
16   MR. SKINNER:  Sounds right.
17   THE COURT:  And it's not a heavy document case.
18   MR. SKINNER:  It's not, Judge.
19   THE COURT:  Okay.  So Mr. Neuman, what do you want to
20 do about sentencing?  I just assume, although I've not decided,
21 that the time long since ran on a Rule 33, moreover, I can't
22 imagine grounds, but maybe I'll be educated on both points.  So
23 tell me what you think about timing.
24   MR. NEUMAN:  Judge, Mr. Rosemond was trying to talk to
25 me.  If I may have a moment?

I3DTROSC

1           THE COURT:  Sure.

2           (Pause)

3           MR. NEUMAN:  Judge, Mr. Rosemond was expressing to me
4   that he was hoping he could get as much time as possible for
5   sentencing.

6           THE COURT:  I have got that from the request for six
7   months.

8           MR. NEUMAN:  And I asked him whether a Rule 33 motion
9   had been filed, whether there was something he was seeking.  He
10  said he did want to file that motion.  My understanding -- my
11  recollection of the rules is that if the government does not
12  object, then the Court would have authority to grant an
13  extension, even if the request has not been made in that time.
14  I'm saying off the top of my head.

15          THE COURT:  You may be right, I just don't remember
16  off the top of my head.

17          MR. NEUMAN:  So I think that would place it in the
18  government's hands then as to whether or not they object to any
19  more time for Rule 33 motion.

20          THE COURT:  Any enlightenment from the government?

21          MR. SKINNER:  Judge, I don't see the provision about
22  any consent from the government in Rule 33.  I know that Rule
23  29 also discusses a motion after a verdict.

24          MR. NEUMAN:  It might be in the case law, whether or
25  not this is something that's waivable.

Case 1:10-cr-00431-LAK   Document 605   Filed 04/09/18   Page 6 of 7      6
I3DTROSC

1    THE COURT:  Look, the rule that governs extensions is
2    elsewhere, but I don't know that we need to take time for this
3    right now.
4    MR. NEUMAN:  No, Judge, I was just mentioning the
5    timing.
6    THE COURT:  The rules say what they say, and it's not
7    going to change.  If the time ran, it ran probably in the fall
8    and if there's the possibility of an extension, this late, I
9    imagine it's not going to get any worse in the next few days.
10   MR. NEUMAN:  Do I understand correctly that there's
11   already a final presentence report that has been done?
12   THE COURT:  Oh, yeah.  Today was for sentencing and
13   it's been adjourned before.
14   MR. NEUMAN:  Judge, I think I need a few weeks to
15   review the transcript, and then I would like -- I guess could I
16   inquire, have any objections to the presentence report been
17   made by anyone?
18   Judge, I guess I'm going to ask for 90 days, suggest
19   that for a sentencing date, and then that would be enough time
20   to review the transcript and to file submissions according to
21   your schedule.
22   THE COURT:  Sentencing June 26 at 9:30.  Defense
23   submission --
24   MR. NEUMAN:  Judge, I'm sorry, could we make it later
25   in that week?  There's a possibility that I'm going to be out

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   of the country right then.
2              THE COURT:  June 28.
3              MR. NEUMAN:  Thank you.  At 3:00, your Honor?
4              THE COURT:  At 9:30.  And defense submissions -- with
5   respect to sentencing, that is -- June 13, any response from
6   the government by June 20.  I, of course, already had a
7   sentencing letter from the government.
8              Now this schedule has nothing whatsoever do with any
9   post-verdict motions.  I don't mean to imply a view one way or
10  the other as to whether those are completely time barred,
11  whether they're time barred subject to possibility of an
12  extension, and whether I would act favorably or unfavorably on
13  an extension request.
14             Anything else?
15             MR. SKINNER:  Nothing else, Judge.  We'll talk to
16  defense counsel about PSR objections that defense counsel wants
17  to make if new counsel is appointed.
18             THE COURT:  Okay, thank you.
19                                o0o