```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/4/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                                -against-                         10-cr-0431 (LAK)

JAMES ROSEMOND,

                                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        On November 13, 2018, petitioner James Rosemond was sentenced to consecutive terms of imprisonment of life and of 30 years following his conviction at trial on four counts: murder-for-hire, in violation of 18 U.S.C. § 1958; conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958; possession of a firearm during a murder-for-hire conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and murder through use of a firearm, in violation of 18 U.S.C. § 924(j).[1] Now before the Court is petitioner's Section 3582(c)(1) motion, commonly referred to as a motion for compassionate release.[2] For the reasons explained below, the motion is denied.

        A court may grant compassionate release only if three conditions are satisfied: (1) the inmate has exhausted administrative remedies "by requesting such relief from prison authorities;" (2) the inmate demonstrates that the reasons justifying his release are "extraordinary and

---

[1] Dkt 626.

[2] Dkt 667.

2

compelling;" and (3) the court determines that release is appropriate under the Section 3553(a) sentencing factors.[3]

Petitioner contends that he has been rehabilitated while incarcerated, that he is susceptible to infectious disease, and that an alleged near-commutation of his sentence by former President Trump are "extraordinary and compelling" circumstances warranting his release.

First, although the productive use to which petitioner allegedly has put his time while in prison is commendable, "rehabilitation alone does not give rise to an extraordinary or compelling reason for relief."[4]

Second, although petitioner's concern for catching Covid-19 or similar diseases is understandable, it too does not justify his release. Petitioner himself concedes that deaths from Covid-19 and other infectious diseases are down far from their peak during the height of the global pandemic, and he does not contend that he possesses any medical history or comorbidities (other than age) that make him particularly susceptible to infection or illness.[5] And at 59 years old, the defendant does not face a life-threatening risk from infection sufficient to justify a finding of "extraordinary and compelling" circumstances.

Third, while the Court assumes, without deciding, the accuracy of petitioner's account

---

[3] *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam).

[4] *United States v. Camisa*, No. 16-cr-522, 2021 WL 517739, at *2 (S.D.N.Y. Feb. 10, 2021); *see also United States v. Nguyen*, No. 03-cr-734, 2023 WL 8368855, at *6-*7 (S.D.N.Y. Dec. 4, 2023) (defendant's rehabilitation and desire to care for father did not constitute extraordinary and compelling circumstances justifying release).

[5] Dkt 668 at 28-30.

3

of his near-commutation by former President Trump, that would not provide the basis for the "extraordinary and compelling" circumstances necessary for his release. In denying petitioner's habeas motion, the Fourth Circuit explained that the clemency power is "exclusive" to the president — neither the legislature nor the judiciary can second-guess his or her decisions.[6] While this means that clemency is "'free of judicial control,'"[7] it also reflects the reality that the judicial branch has no insight into the reasoning behind a clemency decision, the motivations of the president, or the politics that may be involved. Indeed, as the Fourth Circuit recognized, the record in the present case "contains no grounds for ascertaining why a commutation warrant was not delivered to the Warden, but none was. Rosemond's petition may have slipped through the cracks or something may have changed the President's mind after the telephone call. The reasons are beyond the scope of our review and ultimately irrelevant to whether we can grant relief. We cannot."[8]

The same holds true here. The Court will not attempt to peer into the mind of former President Trump to decipher why he allegedly almost, but did not, commute petitioner's sentence. But that mere fact alone would not be an "extraordinary and compelling" circumstance. The separation of powers requires that the Court determine independently whether grounds exist for a petitioner's compassionate release, and not rely on the uncertain and ambiguous actions of another branch of government. No such grounds are present here — and the fact that petitioner's allies

---

[6] *Rosemond v. Hudgins*, 92 F.4th 518, 525 (4th Cir. 2024).

[7] *Id.* at 530 (quoting *Yelvington v. Presidential Pardon & Parole Att'ys*, 211 F.2d 642, 644 (D.C. Cir. 1954)).

[8] *Id.*

4

orchestrated an effective lobbying campaign at the end of the last administration does not alter the Court's determination.

Separately but independently, the Section § 3553(a) sentencing factors also weigh heavily against petitioner's requested relief. The seriousness of the offenses figure prominently in the Court's consideration. Petitioner not only participated in the death of Lowell Fletcher, but also put other innocent lives in jeopardy through his reckless actions, including by firing a gun at the home of a rival's sister while she was inside with her child.[9] Moreover, petitioner's record of prior convictions makes his circumstances even less appealing.[10] The little more than a decade that petitioner has been in custody is insufficient to serve the purposes of sentencing.

Petitioner's motion (Dkt 667) is denied.

SO ORDERED.

Dated:   September 4, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[9] *See* Dkt 633 (Sent. Tr.) at 8.

[10] Petitioner previously was convicted of (1) multiple offenses, including obstruction of justice, in connection with his operation over at least five years of a major drug trafficking operation involving "conservatively" in excess of 1,000 kilograms of cocaine, (2) being a felon and a fugitive in possession of a firearm, (3) bail jumping, (4) being a felon in possession of a firearm during which he fired shots at an intended victim in a failed attempt to kill him, (5) criminal possession of a weapon, and (6) two separate incidents involving attempted criminal possession of a weapon, third degree. Dkt 595, ¶¶ 67-73.